GEORGE MOORE, Appellant, v. THE STATE OF DELAWARE, Appellee.

*(June 2, 1961.)*

SOUTHERLAND, C. J., WOLCOTT, Justice, and STIFTEL, J., sitting.

Appellant, *pro se.*

*Clement C. Wood,* Chief Deputy Attorney-General, for the State.

Supreme Court of the State of Delaware, No. 13, 1961.

PER CURIAM:

The appellant has for some years been confined in the New Castle County Correctional Institution serving a sentence for conviction of crime. On December 22, 1959, he was released on parole for transfer to the State of New Jersey. On August 9, 1960, he was returned to the institution under a warrant issued at the request of that State. On October 14,

1960, a hearing was held by the Parole Board on a charge of violation of parole, as provided by the Parole Law. 11 *Del. C.* § 7714. The Board heard evidence, determined that he had violated the terms of his parole, revoked the parole, and ordered the forfeiture of good time previously allowed.

Appellant charges that the testimony before the Board was untrue and otherwise unreliable. He makes a special point that a charge of arrest and conviction of disorderly conduct in Millville, New Jersey, was incorrect. The conviction appears to have occurred in Vineland. This error seems unimportant. At all events there was testimony before the Board which, if credited, justified the Board's action. Appellant asserts that the testimony of Josephine Day was biased and untrue. That was a question for the Board to decide. The trustworthiness and sufficiency of the evidence before it may not be inquired into in this proceeding, for two reasons.

First, habeas corpus is not the proper remedy. *Curran v. Woolley*, 9 *Terry* (48 *Del.*) 382, 104 *A.* 2d 771. Second, the Superior Court is given no statutory jurisdiction to review the findings of the Parole Board. Ch. 77, Title 11, *Del. C.*

What remedy would be available upon a charge of illegal or fraudulent action by the Board is a question not presented. There is no suggestion here of such action.

The judgment of the Superior Court is affirmed.