437 F.2d 66
 Ronald E. PENNEBAKER, State Correctional Institution, Pittsburgh, Pennsylvania, Appellant,
v.
Trooper Carl C. CHAMBER, Penna. State Police Substation, West 4th Street, Lewistown, Penna., Clair Barnett, c/o Barnett's General Electric Store, Milroy, Penna., Arthur C. Patter, Justice of the Peace, 3rd Street, Lewistown, Penna.
 No. 18453.
 United States Court of Appeals, Third Circuit.
 Submitted December 4, 1970.
 Decided January 6, 1971.
 
 Ronald E. Pennebaker, pro se.
 Larry F. Knepp, Stuckenrath & Knepp, Lewistown, Pa., for Clair Barnett and Arthur C. Potter.
 James K. Thomas, Joseph P. Hafer, Harrisburg, Pa. (Metzger, Hafer, Keefer, Thomas & Wood, Harrisburg, Pa., on the brief), for Carl C. Chambers.
 Before KALODNER, SEITZ and ALDISERT, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 Plaintiff filed a civil rights complaint against Arthur Potter, Justice of the Peace, Clair Barnett, storekeeper, and Carl C. Chambers, a Pennsylvania state trooper.[1] The district court refused to permit plaintiff to proceed in forma pauperis and on its own motion also dismissed his complaint. Plaintiff appeals.
 
 
 2
 Under 28 U.S.C. § 1915(d), which is part of a section entitled "Proceedings in Forma Pauperis," the district court may dismiss an action if it is satisfied that the action is "frivolous." We think the action against the Justice of the Peace was properly dismissed as legally frivolous because he was sued for actions connected with the discharge of his judicial duties and was therefore immune from such suit. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The action against defendant Barnett was also frivolous as a matter of law because Barnett, the storekeeper, was not acting under color of state authority, a requirement for suing under the Civil Rights Act.
 
 
 3
 As to the State Trooper Chambers we think there must be a remand. The district court determined that the complaint was defective in that it did not explicitly allege a violation of constitutional rights. The court did not grant leave to amend. Rather it dismissed the complaint without even requiring service on Chambers. Indeed, the dismissal took place even before the disposition of the criminal charges which formed the basis for the lawsuit. We think the appropriate procedure here is to remand the matter to the district court. Then, if desired, the complaint can be amended and the new materials concerning the criminal proceeding can be made a part of the trial record. The action can then proceed to disposition in the district court by motion or trial, as may be appropriate.
 
 
 4
 The judgment of the district court dismissing the complaint as to Potter and Barnett will be affirmed. The judgment as to Chambers will be vacated and the matter remanded for appropriate proceedings with leave granted plaintiff to proceed in forma pauperis.
 
 
 
 Notes:
 
 
 [1]
 The names of Potter and Chambers appear to have been misspelled in the complaint