**Augustus J. PITT, Jr.**

v.

**C. Burtis COXE.**

**Civ. A. No. 74–2888.**

United States District Court,
E. D. Pennsylvania.

Jan. 15, 1975.

Augustus J. Pitt, Jr., in pro per.

Samuel Halpren, Coatesville, Pa., for defendant.

## MEMORANDUM OPINION

BECHTLE, District Judge.

This matter is brought before this Court by the motion of defendant C. Burtis Coxe, a Justice of the Peace of "Magesterial District No. 15–03–03 in Chester County, Pennsylvania," to dismiss a *pro se* complaint on the ground that he is immune from civil rights actions for damages. Plaintiff alleges that defendant violated his rights under the Fifth and Sixth Amendments to the Constitution on October 18, 1974, by forcing him to be relieved of $61 "before he be allowed a hearing before defendant's Court, or face imprisonment until defendant saw fit to hold a hearing before his Court" and by denying him, a week later, the right of trial by jury on a charge set forth in a criminal complaint.[1] Reliance is placed on 42 U.S.C. §§ 1983, 1985 and 1986.

In Pierson v. Ray, 386 U.S. 547, 553–555, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), the Court held that the common-law doctrine of immunity of judges from liability for damages for acts committed within their judicial jurisdiction was not abolished by the Civil Rights Act of 1871, 42 U.S.C. § 1983. While so holding, the Court said: " . . .

---

1. The complaint does not tell us what the charge was or that he requested trial by jury.

This immunity applies even when the judge is accused of acting maliciously and corruptly . . . " 386 U.S. at p. 554, 87 S.Ct. at p. 1218. Thus, a Justice of the Peace is immune from suit for actions connected with the discharge of his judicial duties. Pennebaker v. Chamber, 437 F.2d 66 (3rd Cir. 1971). Also see, Reilly v. Doyle, 483 F.2d 123, 128 (2nd Cir. 1973); Antieau, Fed. Civil Rights Acts, § 40 (1974 Supp.). Recognition of this doctrine, however, does not automatically require dismissal of the complaint. We have been admonished not to allow motions to dismiss *pro se* complaints unless "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Haines v. Kerner, 404 U.S. 519, 520–521, 92 S.Ct. 594, 595–596, 30 L.Ed.2d 652 (1972), rehearing denied, 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819. Since it does not appear beyond doubt that the complained of actions of the defendant were committed beyond the authority of his office as Justice of the Peace, the motion to dismiss the complaint as to the § 1983 claim must be denied at this juncture.

Defendant's other objection that plaintiff has failed to state a claim for which relief may be granted under 42 U.S.C. § 1985 (conspiracy to interfere with civil rights) has more substance. The allegations in the complaint on conspiracy are merely conclusionary. Section 1985 has three subsections. The first, concerning conspiracy to prevent a person from accepting or holding an office or to prevent him from discharging the duties of his office, is inapplicable here. If the third subsection is sought to be invoked, the mere conclusionary allegations in the complaint are insufficient to state a claim thereunder. Griffin v. Breckenridge, 403 U.S. 88, 102–103, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); Robinson v. McCorkle, 462 F.2d 111 (3rd Cir. 1972). In Mimms v. Philadelphia Newspapers, Inc., 352 F.Supp. 862, 866 (E.D.Pa.1972), Judge Becker wrote: " . . . To state a claim under that section one must assert: (1) a conspiracy by the defendants (2) to deprive the plaintiff of the equal protection of the laws, . . . (3) a purposeful intention to discriminate, and (4) resultant injury to person or property or deprivation of a right or privilege of citizenship. Huey v. Barloga, 277 F. Supp. 864 (N.D.Ill.1967) . . . . "

Although plaintiff alleges that defendant's actions had as their main purpose a conspiracy to violate his constitutional rights or the failure to protect him from such conspiracy, he has not averred any facts which would tend to support the conclusionary allegations that a conspiracy existed for the purposeful intention to discriminate against him.

Section 1986 establishes a right of action within a year of its accrual for one's failure, when he has the power to assist in doing so, to use reasonable diligence to attempt to prevent the commission of wrongs mentioned in § 1985. Where the complaint, as here, fails to state facts within § 1985, then it is deficient with respect to a claim under § 1986.

Accordingly, the motion to dismiss the complaint for failure to state a claim under 42 U.S.C. § 1983 will be denied. Plaintiff will be given leave to amend the complaint so as to state a claim within 42 U.S.C. § 1985, if in his opinion the facts warrant his doing so.