**John Joseph GARVEY, Plaintiff,**

v.

**Oliver W. CASSON, Defendant.**

**Civ. A. No. 76–396.**

United States District Court,
D. Delaware.

Nov. 15, 1976.

John Joseph Garvey, pro se.

Keith A. Trostle, Asst. Atty. Gen., State of Delaware, Wilmington, Del., for defendant.

## MEMORANDUM

LATCHUM, Chief Judge.

John Joseph Garvey is a state prisoner incarcerated at the Sussex Correctional Institution who has presented a complaint to this Court against the defendant, the Chairman of the Delaware Board of Parole. The gist of the complaint is that the plaintiff was arbitrarily and unreasonably denied parole because the Board considered a number of factors, some of which were untrue. Plaintiff seeks: (1) release from custody, or (2) a rehearing before the Parole Board, and (3) $30,000 in damages. Plaintiff alleges that his complaint is based upon the Civil Rights Act, 42 U.S.C. § 1983.

First, with respect to his prayer for immediate release from custody, this is not properly cognizable as a § 1983 action because under *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973) "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release

from that imprisonment, his sole federal remedy is a writ of habeas corpus." It is also clear that before a state prisoner may seek federal habeas corpus relief, he must first exhaust any available state provided remedies. 28 U.S.C. § 2254. However, it appears that Delaware does not provide a method for review of Parole Board decisions because the Delaware Supreme Court held in *Moore v. State*, 171 A.2d 215 (Del. Super.1961) that the Superior Court is given no statutory jurisdiction to review findings of the Parole Board and that habeas corpus is not a proper remedy. On the assumption that plaintiff has no available state remedy, the Court turns to a consideration of his grievance.

11 Del.C. § 4347(a) which sets forth the Parole Board's authority, provides:

"(a) A parole may be granted when in the opinion of the Board there is reasonable probability that the person can be released without detriment to the community or to himself, and where, in the Board's opinion, parole supervision would be in the best interest of society and an aid to rehabilitation of the offender as a law abiding citizen. A parole shall be ordered only in the best interest of society, not as an award of clemency, and shall not be considered as a reduction of sentence or a pardon. A person shall be placed on parole only when the Board believes that he is able and willing to fulfill the obligations of a law-abiding citizen."

After a hearing as provided in 11 Del.C. § 4347(e), the Board denied the plaintiff parole and advised him that its decision was made after considering the following eleven factors: (1) your lengthy record of offenses, (2) your prior failure under supervision, (3) the established pattern of unlawful behavior as reflected in your record, (4) your history of escape, (5) your poor institutional adjustment, (6) your failure to use institutional programs, (7) your poor work history, (8) your violation of institutional rules, (9) your unresolved employment plans, (10) your negative attitude, and (11) your history of alcohol abuse. (Ex. to com-

plaint). The plaintiff alleges that all of these statements are untrue except those contained in (1), (3), (4) and (11) and as to these he offers no comment or admits that the statements are true. (Ex. to complaint). On this record, he concludes that his denial of parole was "arbitrary and unreasonable." However, in viewing the undisputed factual record that parole was denied after the Board considered plaintiff's lengthy record of offenses, his established pattern of unlawful behavior as reflected in his record, his history of escape and his history of alcohol abuse, this Court is unable to hold that the Board's action was arbitrary or unreasonable. In the "absence of evidence of flagrant, unwarranted, or unauthorized action by the Board," which is foreclosed here on the undisputed record, it is not for the courts to review such proceedings. *Gorham v. Richardson*, 483 F.2d 71 (C.A. 5, 1973); *Scarpa v. U. S. Board of Parole*, 477 F.2d 278, 283 (C.A. 5, 1973).

Accordingly, I find that there was substantial evidence to support the Board's determination and that plaintiff's due process rights were not violated by any arbitrary and unreasonable action on the Board's part. That part of the complaint seeking immediate release via writ of habeas corpus, therefore, is legally frivolous.

Second, considering this action as one properly brought under § 1983 for injunctive relief requiring the Parole Board to give the plaintiff a rehearing, the same principles discussed above apply. The Board did not arbitrarily or unreasonably deny parole in violation of plaintiff's due process rights because the undisputed record and admissions reveal substantial evidence supporting the Board's decision. Accordingly, § 1983 injunctive relief requiring the Board to grant a rehearing will also be denied.

Finally, plaintiff seeks damages against the defendant in his official capacity as Chairman of the Board of Parole (Complaint, par. II). In addition to the discussion above, a further reason exists for dismissing that portion of the complaint seeking damages from the Chairman for

denying parole because it is clear that state officials are immune from damage suits under § 1983 for actions taken in processing parole applications. *Allison v. California Adult Authority,* 419 F.2d 822 (C.A. 9, 1970); *Silver v. Dickson,* 403 F.2d 642 (C.A. 9, 1968), *cert. denied* 394 U.S. 990, 89 S.Ct. 1477, 22 L.Ed.2d 765; *Robinson v. Largent,* 311 F.Supp. 1032 (E.D.Pa.1970).

Accepting the undisputed facts shown in the complaint and exhibits to be true, the Court finds as a matter of law that plaintiff's grievances are without merit and that he is entitled to none of the relief sought. Accordingly, the complaint is legally frivolous under 28 U.S.C. § 1915(d) and will be dismissed without issuing process. *Pennebaker v. Chamber,* 437 F.2d 66, 67 (C.A. 3, 1971).