Daniel NORRIS, Petitioner,

v.

Oliver W. CASSON, Chairman of the Delaware Parole Board; James T. Vaughn, Former Director of Delaware Corrections; John L. Sullivan, the Director of Delaware Prisons; Walter R. Redman, Warden of Smyrna Correctional Center; the Delaware State Parole Board; Charles H. Dent, Parole Agent No. 1; Richard S. Gebelein, State Prosecutor; Pierre S. DuPont, Governor of the State of Delaware; Marilyn Letts, Parole Agent for Delaware, et al., Respondents.

Superior Court of Delaware,
New Castle County.

Submitted: Nov. 22, 1982.
Decided: Dec. 20, 1982.

Daniel Norris, pro se.

Francis A. Reardon, Deputy Atty. Gen., Wilmington, for respondents.

CHRISTIE, Justice.

On April 11, 1962, after having served fifteen years of a life sentence, which had been imposed in Delaware for murder, petitioner was granted a parole. Fifteen years later, on July 20, 1977, petitioner was arrested in California, where he had been residing for a number of years, and he was charged with attempted murder, assault with intent to rape, burglary, and assault with a deadly weapon. He subsequently pled guilty to an assault charge and on January 26, 1978 he was sentenced to a four-year term of imprisonment. Petitioner was given a conditional release by the California authorities on April 5, 1980 after having served approximately thirty-two months in various California prisons.

On August 10, 1977, shortly after petitioner's initial arrest in California, a Delaware parole violation warrant was issued and lodged in California as a detainer against petitioner. In February, 1978, a document known as an Interstate Request Report was sent to California. The interstate compact administrator in Delaware had received a letter from the petitioner notifying the Parole Board that he had been incarcerated in California. The compact administrator then requested that California forward information on the California sentencing. The administrator also asked whether the warrant from the Delaware Parole Board had been forwarded to the proper authorities in California. Over the next three and a half years, the State of Delaware frequently sent requests of this nature to California but very little response was forthcoming from the California authorities.

As mentioned above, petitioner was finally released from prison on April 5, 1980, and he was discharged from parole on the California assault charge without any apparent reference to the charge of parole violation pending in Delaware. At the time of the release, Delaware officials were still seeking information on petitioner's status and whereabouts. On August 13 and again on November 20, 1980, the interstate compact administrator sent letters to his counterpart in California and the California Institution for Men concerning the status of petitioner's case and asking whether the Delaware parole warrant was still lodged as a detainer. No response was received from the California officials until later when Marilyn Letts, Delaware interstate officer, made numerous telephone calls to them.

The interstate officer was finally able to locate petitioner in May of 1981, and a teletype was sent to the Alhambra, California police with instructions to arrest him. Thus, petitioner was arrested approximately thirteen months after he had been released from the California confinement. Petitioner was brought back to Delaware on July 15, 1981 and after a hearing before the Parole Board on September 29, 1981, his parole was revoked. At the parole revocation hearing, petitioner was represented by counsel and he entered a plea of guilty to the charge of having violated the terms of his parole by being convicted of a new criminal offense in California.

The petitioner in a pro se petition for writ of habeas corpus now makes four allegations: (1) The warrant for the retaking of a paroled prisoner issued in August of 1977 was not presented to petitioner until

March of 1982, and this delay constitutes a violation of petitioner's due process rights; (2) No preliminary hearing took place in 1977 after the warrant was issued to determine whether probable cause existed to revoke parole; this is alleged to be a violation of petitioner's due process rights; (3) The May 1981 arrest on the warrant issued in 1977 violated petitioner's due process rights; and (4) The procedure leading up to the revocation of petitioner's parole violated 11 *Del.C.* § 4352 (governing the return of parole violators) and § 4358 (as to out-of-state parolee supervision) and put petitioner in double jeopardy.

▮ The Deputy Attorney General, acting for respondents, has not addressed any of petitioner's specific allegations but instead argues that the petition does not state a claim upon which a writ of habeas corpus could issue in Delaware. It is clear that habeas corpus is not the appropriate remedy for contesting the revocation of parole, *Moore v. State,* Del.Supr., 171 A.2d 215 (1961) or the intrinsic fairness of a conviction, *Curran v. Woolley,* Del.Supr., 104 A.2d 771 (1954). Moreover, Superior Court has no statutory jurisdiction to review decisions of the Parole Board. *Moore, supra.*

At oral argument, the Deputy Attorney General stated that the issues petitioner seeks to raise can only be raised under Superior Court Criminal Rule 35, and he went on to argue that petitioner does not meet the conditions mandated by Rule 35. However, it is not necessary for the Court to consider what procedures the petitioner should have followed if there were a violation of petitioner's constitutional rights because the facts alleged by petitioner in this case demonstrate no pertinent violation of defendant's constitutional rights and no pertinent violation of a Delaware statute.

"[R]evocation of parole is not part of a criminal prosecution and [does not require] the full panoply of rights due a defendant in a criminal proceeding." *Morrissey v. Brewer,* 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). It is noted that the petitioner pled guilty to a felony before the California Court and pled guilty to violation of parole before the Delaware Parole Board. In both forums, he was represented by counsel.

I

▮ When there is a delay in notifying the parolee that he is charged with a violation, such delay has no legal significance unless it is shown that actual, significant prejudice has resulted. *Parham v. Warden, Bridgeport Correctional Center,* Conn.Supr., 172 Conn. 126, 374 A.2d 137 (1976). Petitioner has shown no prejudice to him by his allegation that he did not receive a copy of the warrant until some three and a half years after its issuance. He was in the custody of the California prison authority at the time the warrant was issued, and an attempt was made to lodge it as a detainer. Further, the petitioner was able to enjoy a period of over a year without confinement before the warrant caught up to him. This has not been shown to be prejudicial to him.

II

▮ The preliminary hearing petitioner believes he is entitled to according to *Morrissey v. Brewer, supra,* is no more than an interview or its equivalent by an objective person, not the parolee's supervising officer. The interviewing officer need not be a judicial officer, but he is supposed to make a summary or digest of the interview. *Morrissey v. Brewer,* 408 U.S. at 484–86, 92 S.Ct. at 2602–03. The provisions of 11 *Del.C.* § 4352(a), (c) [1] as to notice and hear-

---

1. 11 *Del.C.* § 4352(a):

 At any time during release on parole or conditional release under parole the Board or any member thereof may issue a warrant for the arrest of a released person for violation of any of the conditions of release, or a notice to appear to answer to a charge of violation.

 Such notice shall be served personally upon the person. The warrant shall authorize any officer authorized to serve process in this State to return the person to the actual custody of the correction facility from which he was released, or to any other suitable detention facility designated by the Board or Department. When, in

ing were met in the instant case. Marilyn Letts, the interstate compact officer, interviewed petitioner prior to his Parole Board hearing in an informal fashion. Such interview is found, under the circumstances of this case, to be an adequate substitute for a preliminary hearing. Furthermore, since petitioner pled guilty to assault in California, probable cause for revocation of parole had already been established in a judicial proceeding. If there were any irregularities, they did not involve violations of basic rights and the irregularities, if any, became academic after defendant admitted his violation of probation to the Delaware Parole Board.

## III

 Petitioner contends that Delaware should have extradited him while he was in the California prison. The Uniform Law for out-of-state parolee's supervision, 11 *Del.C.* § 4358(3),[2] provides that a parolee shall not be retaken while charges are pending against the parolee or while imprisoned, without the consent of the state holding the parolee. Delaware was under no duty to retake petitioner while he was in prison and could not have done so without California's permission. Apparently the Delaware warrant was sent to assure the petitioner's return to Delaware no matter what the outcome of the petitioner's California charges. Petitioner should have been returned to Delaware when he was released from prison in California. It was an error of the Cali-

fornia officials in allowing petitioner to remain free from April 1980 until May 1981. This freedom did not violate defendant's rights in such a way as to entitle him to be released at this point. Defendant did not then, and does not now, have a right to demand that time spent in prison for the California offense be credited toward any penalty imposed upon him for the parole violation.

## IV

No facts have been alleged by the petitioner that would indicate a violation of 11 *Del.C.* §§ 4352 or 4358 (discussed above) or of any other statute. There has been no showing that petitioner has been placed in double jeopardy.

\* \* \* \* \* \*

The petition for habeas corpus is hereby denied. The Court rules that the facts of the case are not such as to entitle petitioner to the relief sought even had such relief been sought in a petition filed in some more appropriate form. The general petition for relief is also denied, and the case is dismissed. IT IS SO ORDERED.

the judgment of the Commissioner or of any probation and parole counsellor, there has been a violation of the conditions of release, he may arrest such parolee or releasee without a warrant, or he may deputize any other officer with power of arrest to do so by giving him a written statement setting forth that the parolee or releasee has, in the judgment of the Commissioner or probation and parole counsellor, violated the conditions of his release. The written statement delivered with the person by the arresting officers to the official in charge of the facility to which the person is brought for detention shall be sufficient warrant for detaining him.

11 *Del.C.* § 4352(c):

Upon such arrest and detention, the Department shall immediately notify the Board and

shall submit a report showing in what manner the person had violated the conditions of release. The Board shall cause the person to be brought promptly before it for a hearing on the violation charge, under such rules and regulations as the Board may adopt.

2. 11 *Del.C.* § 4358(3), in pertinent part:

[P]rovided, however, that if at the time when a state seeks to retake a probationer or parolee there should be pending against him within the receiving state any criminal charge, or he should be suspected of having committed within such state a criminal offense, he shall not be retaken without the consent of the receiving state until discharge from prosecution or from imprisonment for such offense.