**George F. SEMICK, Jr., Petitioner Below, Appellant,**

v.

**DEPARTMENT OF CORRECTIONS, et al., Respondents Below, Appellees.**

Supreme Court of Delaware.

Submitted on Briefs: April 16, 1984.

Decided: May 18, 1984.

---

Patricia Hannigan, Asst. Public Defender, Wilmington, for petitioner-appellant.

John A. Parkins, Deputy Atty. Gen., Wilmington, for respondents-appellees.

Before HERRMANN, C.J., McNEILLY and MOORE, JJ.

McNEILLY, Justice:

George F. Semick, Jr. (Defendant) appeals from an Order of the Superior Court denying his petition for a Writ of Mandamus in regard to an action taken by the Delaware Board of Parole (Parole Board). At the outset, we note that Mandamus does not lie in this case due to the discretionary nature of the Parole Board's action. Based upon the serious nature of the issues raised, however, we deem the case to be in this Court as though on a Writ of Certiorari. Therefore, we have jurisdiction to determine the issues presented. *See generally, Shoemaker v. State,* Del.Supr., 375 A.2d 431 (1977); *State v. Casto,* Del.Supr., 375 A.2d 444 (1977).

I

The facts pertinent to the issues before the Court are as follows:

Defendant was sentenced to ten years' imprisonment on a charge of Accomplice to Robbery First Degree by the Superior Court of the State of Delaware for a period beginning June 25, 1975 to June 24, 1985. On April 18, 1979, defendant was released on parole by the Delaware Parole Board and delivered to the custody of the State of Illinois pursuant to the Interstate Corrections Compact. On May 24, 1979, he was paroled by the Illinois authorities, and on September 27, 1979, was arrested in Pennsylvania on numerous charges. On November 1, 1979, the Delaware Parole Board filed a warrant with the Pennsylvania authorities. Later, on July 18, 1980, defend-

ant was sentenced by the Pennsylvania Court to a term of three to six years on the multiple charges, and was ultimately paroled on September 27, 1982, three years after the date of his arrest in Pennsylvania. He was then returned to Delaware and on October 19, 1982, was found to have violated his parole. The Parole Board notified the defendant that his parole had been revoked and that as a result, his "maximum expiration date of June 24, 1985, will be changed to reflect the additional sentence of six years which you received in Pennsylvania".

Thereafter, defendant filed a Writ of Mandamus in Superior Court, which was denied on November 9, 1983. From that denial, defendant appealed to this Court raising the several issues which we treat below.

## II

■■■ The first argument presented is that the Superior Court erred in denying defendant's Motion for a Writ of Mandamus in that the action of the Parole Board in extending the defendant's sentence by six years was without statutory authority. We agree with the defendant in part because we find that the Parole Board should only have excluded the three years defendant actually served in Pennsylvania from the time defendant needs to serve on his Delaware parole.

In essence, we are concerned with what can be termed the "maximum expiration date" of defendant's parole. That date is the time when a prison sentence is finally completed without regard to good time or parole. A prisoner who is paroled remains on parole until his maximum expiration date unless the Board discharges him earlier. 11 *Del.C.* § 4347(h). Thus, when defendant was released on parole, he had a fixed amount of time to serve, i.e., from the date of his release until his maximum expiration date, June 24, 1985.

1. 11 *Del.C.* § 4352(d) provides:
   (d) If the violation is established by the hearing, the Board may continue or revoke

Having established that aspect of parole process, we now turn our attention to 11 *Del.C.* § 4352(g) which is at issue in this case. That section provides:

(g) Any person who commits a crime while at large on parole or conditional release and is convicted and sentenced therefor shall serve the unexpired portion of the term under which he was released consecutively after any new sentence for the new offense.

It is defendant's contention that under § 4352(g) the strongest action which could be taken against him by the Parole Board would be to recommit him, at a maximum, only until the original sentence date of June 24, 1985, minus any good time earned during the period of recommitment.

We find that such a construction of § 4352(g) would render that section surplusage in view of the fact that § 4352(d) already gives the Parole Board power to revoke a parole.[1] Stated otherwise, defendant's interpretation of subsection (g) would permit nothing more than that permitted under subsection (d). Therefore, we refuse to adopt defendant's construction and rather, construe subsection (g) so as to give it effect. *See State ex. rel. Price v. 0.0673 Acres of Land,* Del.Supr., 224 A.2d 598, 602 (1966).

Looking at the wording of the subsection (g), we note that the word "consecutively" appears therein. Since the General Assembly amended this subsection which previously provided that parole and a new sentence run "concurrently", we must conclude that "under the 1974 Amendment ..., a person convicted while on parole must serve the unexpired portion of his previous sentence consecutively to any term of imprisonment." *Gasby v. State,* Del.Supr., 429 A.2d 165 (1981).

In this case, the Parole Board was arguably correct in its actions, however, it should have only excluded the three years

the parole or conditional release, or enter such other order as it may see fit.

defendant actually served in Pennsylvania from the time he needs to serve in Delaware. Therefore, the Parole Board exceeded its jurisdiction when it extended the defendant's Delaware sentence by the six years he could have been obliged to serve under the Pennsylvania conviction.

## III

Defendant next raises two constitutional issues regarding the action of the Parole Board. Due to our holding above, however, we limit discussion of those issues to whether the extension of defendant's sentence by three years violates the Prohibition against Double Jeopardy and/or Due Process. So limited, we find no constitutional error.

As to the Double Jeopardy claim, we find that defendant's reliance upon *Connor v. Griffith,* 160 W.Va. 680, 238 S.E.2d 529 (1977) is misplaced. In that case, as well as others cited by defendant, the issue was whether failure to grant credit for time served prior to a parole revocation violated the Prohibition against Double Jeopardy. Unlike that situation, the extension of defendant's maximum expiration date here is not additional punishment for his original crime, it is the direct result of his new crime. Moreover, it was well within the General Assembly's discretion to direct that the unexpired portion of an original sentence be served consecutively to the sentence for any crime committed while on parole. *See United States v. Newton,* 5th Cir., 698 F.2d 770 (1983) (U.S. Parole Commission has discretion to determine whether unexpired time on federal sentence will run consecutively or concurrently with new sentence imposed). *See also, Doyle v. Elsea,* 7th Cir., 658 F.2d 512 (1981); *Harris v. Day,* 10th Cir., 649 F.2d 755 (1981).

In regard to defendant's two-part contention that his Due Process rights were violated, we likewise see no merit to his assertion. First, when a parolee is convicted of a new crime while on parole, due process does not require a preliminary hearing since the conviction of the new crime establishes probable cause to believe there has been a parole violation. *See Norris v. Casson,* Del.Super, 460 A.2d 547 (1982). Second, where a parolee is in custody for other reasons, Due Process does not require a revocation hearing until after a parolee has been released from the new sentence that gave rise to the revocation. *Moody v. Daggett,* 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). Thus, the fact that defendant here was not given such a hearing until his release by Pennsylvania three years after the Pennsylvania arrest does not give rise to a constitutional error. The requirement that a revocation hearing "must be tendered within a reasonable time after the parolee is taken into custody," *Morrissey v. Brewer,* 408 U.S. 471, 488, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972), applies only where the sole reason for the parolee's return to custody is his alleged parole violation.

For the foregoing reasons, the action taken by the Parole Board is AFFIRMED in part but REMANDED for further proceedings not inconsistent with this Opinion.