IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| BRIAN I. CAMMILE, | § |
| | § |
| Petitioner Below- | § No. 363, 2014 |
| Appellant, | § |
| | § |
| v. | § Court Below—Superior Court |
| | § of the State of Delaware, |
| STATE OF DELAWARE, | § in and for New Castle County |
| | § C.A. No. N14M-05-148 |
| Respondent Below- | § |
| Appellee. | § |

Submitted: December 19, 2014
Decided: January 16, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

## ORDER

This 16th day of January 2015, upon consideration of the appellant's opening brief and the State's motion to affirm, it appears to the Court that:

(1) The appellant, Brian Cammile, has filed this appeal from the Superior Court's denial of his petition for a writ of mandamus. The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Cammile's opening brief that his appeal is without merit. We agree and affirm.

(2) Cammile is an inmate in the custody of the Department of Correction. He pled guilty in 2006 to two counts of Burglary in the Second Degree and four additional charges. The Superior Court sentenced Cammile

on each burglary conviction as a habitual offender under 11 *Del. C.* § 4214(a) to eight years at Level V incarceration, for a total mandatory sentence of sixteen years. In May 2014, Cammile filed a petition for a writ of mandamus requesting the Superior Court to compel the Department of Correction (DOC) to file a sentence modification motion on his behalf under 11 *Del. C.* § 4217 The Superior Court held that Cammile was not entitled to have the DOC file a motion on his behalf and denied his petition for a writ. This appeal followed.

(3) The Superior Court may issue a writ of mandamus to a State officer, tribunal, board or agency to compel the performance of an official duty.[1] Mandamus issues not as a matter of right but only in the exercise of sound judicial discretion.[2] A writ of mandamus is appropriate only if the petitioner can establish a clear legal right to the performance of a nondiscretionary duty.[3]

(4) In this case, the Superior Court did not abuse its discretion in denying Cammile's petition for a writ of mandamus. Cammile did not establish that the DOC had arbitrarily refused to perform a nondiscretionary duty owed to him.

---

[1] 10 *Del. C.* § 564 (2013).

[2] *Schagrin Gas Co. v. Evans*, 418 A.2d 997, 998 (Del. 1980).

[3] *Semick v. Dep't of Corr.*, 477 A.2d 707, 708 (Del. 1984).

2

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Randy J. Holland*
Justice