IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TODD BOONE and TREVOR WIBERG, | § § § § § § § § § § § § § § § § | No. 112, 2016 |
| Petitioners Below-Appellants, | | |
| v. | | Court Below—Superior Court of the State of Delaware |
| STATE OF DELAWARE DEPARTMENT OF HEALTH AND SOCIAL SERVICES, | | C.A. No. S15M-09-039 |
| Respondent Below-Appellee. | | |

Submitted: May 27, 2016
Decided: July 22, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## <u>ORDER</u>

This 22nd day of July 2016, upon consideration of the opening brief and the motion to affirm, it appears to the Court that:

(1) The appellants, Todd Boone and Trevor Wiberg ("the Appellants"), filed this appeal from the Superior Court's dismissal of their petition for a writ of mandamus. The State Department of Health and Social Services ("DHSS") has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of the Appellants' opening brief that their appeal is without merit. We agree and affirm.

(2) The Appellants each have a debilitating medical condition and are registered medical marijuana cardholders.[1] In September 2015, they filed a petition in the Superior Court[2] requesting that a writ of mandamus be issued directing DHSS to issue compassion center registration certificates to the highest scoring applicants in Kent County and Sussex County as required by Sections 4914A(c) and (d) of the Medical Marijuana Act.[3] The Appellants asserted that DHSS had a duty to issue certificates to the highest scoring applicant in each county by January 1, 2013 and to issue three additional certificates to the highest scoring candidates in each county by January 1, 2014. Although DHSS issued a compassion center registration certificate to an applicant in New Castle County, it failed to do so in either Kent County or Sussex County. The Appellants are residents of Sussex County.

(3) DHSS filed a motion for summary judgment in the Superior Court. At a hearing, the Superior Court denied summary judgment but dismissed the Appellants' complaint without prejudice because the duty that the Appellants sought to have DHSS perform was discretionary in nature,

---

[1] 16 *Del. C.* § 4902A(1), (3) (Supp. 2014) (defining "cardholder" and "debilitating medical condition").

[2] *See* 16 *Del. C.* § 4924A (Supp. 2014) (providing that "any citizen may commence an action in Superior Court to compel [DHSS] to perform the actions mandated pursuant to the provisions of this chapter.").

[3] 16 *Del. C.* § 4914(c)-(d) (Supp. 2014).

and a writ of mandamus will be issued only to perform a nondiscretionary duty.

(4) We agree with that conclusion. The Superior Court has jurisdiction to issue a writ of mandamus to a State officer, tribunal, board or agency to compel the performance of an official duty.[4] A writ of mandamus, however, is not issued as a matter of right but only in the exercise of sound judicial discretion.[5] Moreover, a writ of mandamus is appropriate only if the petitioner can establish a clear legal right to the performance of a nondiscretionary duty.[6]

(5) In this case, the Superior Court did not abuse its discretion in dismissing the Appellants' petition for a writ of mandamus. Although Section 4914A(c) and (d) establish DHSS' duty to seek applicants for compassion center registration certificates and to issue those certificates to qualified applicants, 11 *Del. C.* § 4914A(e)(2) makes it clear that, notwithstanding the other provisions of the statute, DHSS must exercise discretion in evaluating applications and must deny applications that fail to satisfy the statutory requirements and regulatory requirements established by DHSS. Thus, the Appellants could not establish that DHSS had arbitrarily

---

[4] 10 *Del. C.* § 564 (2013).
[5] *Schagrin Gas Co. v. Evans*, 418 A.2d 997, 998 (Del. 1980).
[6] *Semick v. Dep't of Corr.*, 477 A.2d 707, 708 (Del. 1984).

3

refused to perform a nondiscretionary duty owed to them. Finally, we note that the Superior Court dismissed the mandamus petition without prejudice, which left the door open for the Appellants to bring a direct action under 16 *Del. C.* § 4924A as contemplated by the statute. Appellants are thus not without a remedy, if warranted, for violations of the statute.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice