# IN THE SUPREME COURT OF THE STATE OF DELAWARE

KENNETH E. RANDOLPH,

    Petitioner Below-
    Appellant,

    v.

STATE OF DELAWARE BOARD OF
PAROLE, *et al.*,

    Respondents Below-
    Appellees.

§
§
§ No. 694, 2015
§
§
§ Court Below—Superior Court
§ for the State of Delaware
§
§ C.A. No. N15M-04-060
§
§
§

Submitted: December 2, 2016
Decided: February 6, 2017

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

## ORDER

This 6th day of February 2017, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The appellant, Kenneth Randolph, filed this appeal from the Superior Court's order, dated December 3, 2015, dismissing his petition for a writ of mandamus. Randolph's amended petition for a writ, filed on May 22, 2015, and his amended prayer for relief, filed on August 24, 2015, requested the Superior Court to direct the defendants to reinstate his parole, to place him on Tier I of the sex offender registry, to reinstate his good time credits, and to award him $500,000 in compensatory damages, and $500,000 in punitive damages. Because Randolph

cannot establish a clear legal right to the requested relief, we find no error in the Superior Court's dismissal of his complaint. However, we have concluded that, in the interests of justice, this matter should be remanded to the Superior Court for the appointment of counsel and leave to file an amended complaint.

(2)     In 1980, Randolph pled guilty to one count of rape and was sentenced to life imprisonment. He was released on parole in 1993. On March 27, 2014, Randolph was arrested on multiple criminal charges, including drug and weapon offenses. According to Randolph, he had a preliminary hearing before the Board of Parole ("the Board") in April 2014, at which Randolph requested the Board to defer his final revocation hearing until his new criminal charges were resolved. On July 29, 2014, Randolph alleges that the Board held his final revocation hearing, without giving him any prior notice, before his criminal charges were resolved. Although a motion to dismiss his new criminal charges had been filed in the Superior Court on July 15, 2014 and remained pending, the Board held the hearing, after which it found him in violation of his parole and ordered him to serve the remainder of his sentence in prison, with leave to re-apply for parole in forty-eight months. On November 13, 2014, the Superior Court dismissed the drug and weapon charges against Randolph because of the State's failure to prosecute.

(3)     Five months later, on April 10, 2015, Randolph filed a one-page petition for a writ of mandamus against the Board of Parole and its chair, David

2

Henderson, asserting that the defendants had violated his Sixth and Fourteenth Amendment rights at the July 2014 parole revocation hearing. In May 2015, Randolph amended his petition and named additional defendants, including a former chair of the Board and two of Randolph's former parole officers, who were involved in Randolph's earlier parole violation hearings in 1999, 2005, and 2012.

(4) Randolph's petition and amended petition asserted that his 2014 revocation hearing was unfair because he did not receive notice of the hearing and have an opportunity to prepare. He also asserted that the Board erred at the 2014 hearing by relying upon his previous violation history because his earlier parole violations were based on false evidence. Randolph's petition requested the Superior Court to reinstate his parole and good time, to place him on Level I of the sex offender registry, and to award him $1 million in compensatory and punitive damages.

(5) The State filed a motion to dismiss Randolph's petition on multiple grounds. On December 2, 2015, the Superior Court held a hearing on the State's motion. At the conclusion of the hearing, the judge announced on the record that the State's motion to dismiss would be granted because Randolph had failed to establish that the Board had a non-discretionary duty to grant him parole after the underlying criminal charges were dismissed. This appeal followed.

3

(6) On appeal, Randolph contends that the Board abused its discretion by holding his parole violation hearing before his underlying criminal charges were resolved. He also contends that there was insufficient evidence to prove that he violated parole and that the Board violated his due process rights. The State asserts, among other things, that the Superior Court properly dismissed Randolph's petition for a writ of mandamus for failing to state a claim upon which relief could be granted.

(7) A writ of mandamus is an extraordinary remedy that the Superior Court may issue to a state agency or official to compel the performance of a non-discretionary duty to which the petitioner has established a clear legal right.[1] In cases involving the Board of Parole, the Superior Court has an obligation to ensure that the process afforded to the parolee comports with the minimum requirements of due process set forth in *Morrissey v. Brewer*.[2] The Board's final decision to revoke or continue parole, however, is entirely discretionary and is not subject to mandamus relief.[3]

---

[1] 10 *Del. C.* § 564 (2013); *Clough v. State*, 686 A.2d 158, 159 (Del. 1996).

[2] *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972) (holding that the minimum requirements of due process for parole revocation hearings are: (i) notice of the claimed violations; (ii) disclosure to the parolee of the evidence against him; (iii) an opportunity to be heard in person and present evidence; (iv) the right to confront and cross-examine witnesses against him; (v) a neutral and detached hearing body; and (vi) a written statement of the reasons for revoking parole). *See also White v. State*, 2007 WL 1138470 (Del. Apr. 18, 2007).

[3] *Woods v. Williams*, 2007 WL 773383, *2 (Mar. 15, 2007) (citing *Semick v. Det. of Correction*, 477 A.2d 707, 708 (Del. 1984)).

(8) In this case, although Randolph contends that he was not given notice of the revocation hearing or allowed to call witnesses,[4] the relief he requested was not a new parole hearing but the reinstatement of his parole and $1 million in damages, among other things. A close reading of the record reveals that Randolph's true complaint is that the Board found him guilty of violating his parole for committing a new criminal offense[5] even though the underlying criminal charges were later dismissed. As the Superior Court correctly held, however, the Board may revoke a defendant's parole on the ground that he committed a new crime even if the criminal charges are dismissed or the defendant is acquitted.[6] Under the circumstances, Randolph cannot establish a clear legal right to the reinstatement of his parole or to monetary damages. As such, the Superior Court acted within its discretion when it dismissed his petition for a writ of mandamus.

(9) Nevertheless, Randolph has raised significant due process issues. The Board of Parole's own rules provide that the alleged offender is entitled to the following rights:

---

[4] Randolph's own documentation contradicts his factual assertion that he was not permitted enough time to prepare for the hearing and have witnesses appear on his behalf. In the appendix to his opening brief, Randolph includes a December 15, 2014 letter from the Board, which reflects that the Board gave Randolph the opportunity to postpone the July 2014 hearing but that the hearing went forward with Randolph's consent.

[5] The Board also found that Randolph had violated his parole by failing to report a change of address or employment to his parole officer within 72 hours.

[6] See Diaz v. State, 2015 WL 1741768, *3 (Del. Apr. 15, 2015).

5

- advanced written notice of the time and place of the hearing, and of specific parole violations;

- a written copy of charges;

- presence of counsel of choice or to have counsel appointed;

- an opportunity to be heard in person and to present evidence and/or witness and for a limited right to cross-examine witnesses;

- a timely, written decision.

With the assistance of counsel, Randolph can ascertain the factual record and present an amended complaint in a proper procedural posture, if such a complaint is deemed by counsel to be appropriate.[7]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED without prejudice. This matter is remanded to the Superior Court for the appointment of counsel and leave to file an amended complaint.

BY THE COURT:

_____
Justice

---

[7] Counsel for Randolph is not constrained by this option. If, for example, counsel concludes that seeking a new hearing before the Board is the preferable first option, or another course of action, counsel is, of course, free to take a different course.