**Charles H. GASBY, Petitioner Below, Appellant,**

v.

**STATE of Delaware, Respondent Below, Appellee.**

Supreme Court of Delaware.

Submitted March 12, 1981.*

Decided April 2, 1981.

Gary A. Myers (argued), of Community Legal Aid Society, Inc., Georgetown, for appellant, petitioner below.

Keith A. Trostle (argued), Deputy Atty. Gen., Wilmington, for appellee, respondent below.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

HERRMANN, Chief Justice:

In this appeal from a denial by the Superior Court of a Motion for Post Conviction

* The prior opinion herein, dated December 24, 1980, is hereby withdrawn. This opinion is issued upon defendant's motion for reargument, relying upon *Weaver v. Graham, Governor of Florida*, —— U.S. ——, 101 S.Ct. 960, 67 L.Ed.2d 17, 1981, and held herein to be controlling.

Relief, we are required to decide whether a 1974 amendment to 11 *Del.C.* § 4352(g), concerning violations of parole or conditional release, may be applied to a person convicted and sentenced prior to, but conditionally released subsequent to, the enactment of the 1974 amendment.

## I.

The facts in this case are undisputed. In 1969, the appellant Charles H. Gasby was convicted of Manslaughter by the Superior Court and was sentenced to twelve years imprisonment in 1969. The appellant remained incarcerated until 1977, at which time he was granted a conditional early release[1] by the State Board of Parole ["Board"] under 11 *Del.C.* § 4348.[2] In 1978, while on conditional release, the appellant pleaded guilty before the Superior Court to a charge of Reckless Endangering, in violation of 11 *Del.C.* § 603, and was sentenced thereupon to a two year term of imprisonment.

In September, 1978, the Board revoked appellant's conditional release on the basis of the Reckless Endangering conviction, pursuant to 11 *Del.C.* § 4352.[3] It is at this point that the troublesome issue in this case arises.

Prior to 1974, § 4352(g) provided as follows:

"Any person who commits a crime while at large on parole or conditional release and is convicted and sentenced therefor shall serve the unexpired portion of the term under which he was released *concurrently with* any new sentence for the new offense." (Emphasis added)

In 1974, however, § 4352(g) was amended to read:

"Any person who commits a crime while at large on parole or conditional release and is convicted and sentenced therefor shall serve the unexpired portion of the term under which he was released *consecutively after* any new sentence for the new offense." (Emphasis added)

---

**1.** 11 *Del.C.* § 4302(4) defines a conditional release:

"(4) 'Conditional release' means the release of an offender from incarceration to the community by reason of diminution of the period of confinement through merit and good behavior credits. A person so released shall be known as a releasee."

11 *Del.C.* § 4302 (10) defines parole as follows:

"(10) 'Parole' means the release by the Parole Board of an offender from incarceration to the community prior to the expiration of his term, subject to the supervision and guidance of the Department. A person placed upon parole shall be known as a parolee."

Although technically different, both parole and conditional release are similar in that the earning of each involves the prisoner's good behavior while in custody in ·accordance with established standards. See *Adkins v. Bordenkircher,* W.Va.Supr., 262 S.E.2d 885, 888 (1980).

**2.** 11 *Del.C.* § 4348 provides:

"§ 4348. Release upon merit and good behavior credits.

"A person having served his term or terms in incarceration, less such merit and good behavior credits as have been earned, shall, upon release, be deemed as released on parole until the expiration of the maximum term or terms for which he is sentenced. A person may waive his right to conditional release, in which case he shall serve the remainder of his term or terms in prison. Such waiver shall be in writing. Only persons who have been committed for 1 year or more shall be deemed to be released on parole, provided, the Department by general rule may lower said period of time."

**3.** 11 *Del.C.* § 4352 provides in part:

"4352. Return of violator of parole or conditional release; procedure and action on violation.

"(a) At any time during release on parole or conditional release under parole the Board or any member thereof may issue a warrant for the arrest of a released person for violation of any of the conditions of release, or a notice to appear to answer to a charge of violation. Such notice shall be served personally upon the person.

\* \* \* \* \* \*

"(c) Upon such arrest and detention, the Department shall immediately notify the Board and shall submit a report showing in what manner the person had violated the conditions of release. The Board shall cause the person to be brought promptly before it for a hearing on the violation charge, under such rules and regulations as the Board may adopt.

"(d) If the violation is established by the hearing, the Board may continue or revoke the parole or conditional release, or enter such other order as it may see fit.
\* \* \*."

Thus, under the prior law, a person convicted of a crime while on parole or conditional release [4] served the unexpired portion of his previous sentence concurrently with any new sentence; under the 1974 Amendment, however, a person convicted while on parole must serve the unexpired portion of his previous sentence consecutively to any new term of imprisonment.

Upon revoking appellant's conditional release in the present case in 1978, the Board ordered the appellant to serve the unexpired portion of his 1969 Manslaughter sentence consecutively after the 1978 Endangering sentence, pursuant to the 1974 Amendment of § 4352(g).

In his Motion for Post Conviction Relief, the appellant contended that the Board should have applied the pre-1974 version of § 4352(g), so that his sentences would be served concurrently and not consecutively. The Superior Court dismissed the Motion, relying solely upon the unreported Superior Court opinion in *Thornton v. State* (1979); the appellant brings this appeal.

## II.

The appellant argues that the application to him of § 4352(g), as amended, is a violation of the constitutional prohibition against *ex post facto* laws. Under *Weaver v. Graham,* —— U.S. ——, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981), we are obliged to agree.

In *Weaver*, the U.S. Supreme Court unanimously drew the parameters for measuring an *ex post facto* challenge in a case of this nature. It was there held that the application of a Florida statute, altering that State's former method of computing state prisoners' "gain time for good conduct," to prisoners whose crimes were committed before its enactment, violates the constitutional prohibition against *ex post facto* laws by changing the legal consequences of those crimes and by making punishment for them more onerous.

In so holding, the Supreme Court noted that "[w]hen a court engages in *ex post facto* analysis" it "is concerned solely with whether a statute assigns more disadvantageous criminal or penal consequences to an act than did the law in place when the act occurred * * *." 101 S.Ct. at 965, n.13. Adhering to *Lindsay v. Washington*, 301 U.S. 397, 57 S.Ct. 797, 81 L.Ed. 1182 (1937) and *Greenfield v. Scafati*, D.Mass., 277 F.Supp. 644 (1967), aff'd mem., 390 U.S. 713, 88 S.Ct. 1409, 20 L.Ed.2d 250 (1968), the Court stated that its "decisions prescribe that two critical elements must be present for a criminal or penal law to be *ex post facto*: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." 101 S.Ct. at 965. Contradicting the oft-made argument that parole or early release is a matter of grace and not a "vested right" subject to *ex post facto* protection, and settling the law on that issue, the Supreme Court stated in *Weaver*:

"Contrary to the reasoning of the Supreme Court of Florida, a law need not impair a 'vested right' to violate the *ex post facto* prohibition. Evaluating whether a right has vested is important for claims under the Contracts or Due Process Clauses, which solely protect pre-existing entitlements. [citations omitted] The presence or absence of an affirmative, enforceable right is not relevant, however, to the *ex post facto* prohibition, which forbids the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred. Critical to relief under the *Ex Post Facto* Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated. Thus, even if a statute merely alters penal provisions accorded by the grace of the legislature, it violates the Clause if it is both

---

4. Hereinafter, for present purposes, the terms "parole" and "conditional release" will be used interchangeably.

retrospective and more onerous than the law in effect on the date of the offense." *Id.*

While *Weaver* may be distinguishable upon its facts, the principles therein stated are determinative in the instant case: (1) The 1974 Amendment to § 4352(g), when applied to the Manslaughter and the sentence imposed thereon, was applied to events occurring before its enactment; and (2) under the facts of this case, the application of the Amendment to the defendant "disadvantaged" him by holding him in custody beyond the outside date of his original sentence, making "more onerous" the punishment for the crime committed before the enactment of the Amendment. Under *Weaver*, this result runs afoul of the prohibition in the Ex Post Facto Clause.

\*    \*    \*

Reversed and remanded for further proceedings consistent herewith.