642 So.2d 325 (1994)
STATE of Louisiana
v.
Nicki Lee ROLEN.
No. 26933-KW.
Court of Appeal of Louisiana, Second Circuit.
September 1, 1994.
Writ Denied October 7, 1994.
H. "Lyn" Lawrence, Jr., for Nicki Lee Rolen.
Paul Joseph Carmouche, Dist. Atty., Loyd Kenneth Thomas, for State.
Before NORRIS, HIGHTOWER and BROWN, JJ.
WRIT GRANTED AND MADE PEREMPTORY.
The trial court erred in determining that Act 1993, No. 669, Sec. 1 cannot be applied to enhance the penalty for a person charged with DWI (2d) more than five years but less than ten years after the commission of the predicate DWI offense without violating the constitutional prohibition against ex post facto legislation. The amendment does not punish as a crime an act previously committed which was innocent when done, make more burdensome the punishment for a crime after its commission, or deprive the defendant of any defense available according to law at the time when the act sought to be prosecuted was committed. Collins v. Youngblood, 497 U.S. 37, 110 S.Ct. 2715, 111 *326 L.Ed.2d 30 (1990); State v. Sepulvado, 342 So.2d 630 (La.1977).
The constitutional provision against ex post facto laws was intended to secure substantial personal rights against arbitrary and oppressive legislation, see Malloy v. South Carolina, 237 U.S. 180, 183, 35 S.Ct. 507, 508, 59 L.Ed. 905 (1915), and not to limit the legislative control of remedies and modes of procedure which do not affect matters of substance. Beazell v. Ohio, 269 U.S. 167, 46 S.Ct. 68, 70 L.Ed. 216 (1925). Accord: Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977). The legislation in question here does not affect a substantial personal right of the defendant, but deals with a matter of procedure.
Accordingly, we find that the trial court erred in granting defendant's motion to quash the bill of information charging him with DWI (2d). The trial court's ruling is reversed and the matter is remanded for further proceedings not inconsistent with this opinion.