648 So.2d 1 (1994)
STATE of Louisiana, Plaintiff-Appellant,
v.
James Daryl HALL, Defendant-Appellee.
No. 27015-KA.
Court of Appeal of Louisiana, Second Circuit.
November 17, 1994.
*2 Richard Ieyoub, Atty. Gen., Baton Rouge, Jerry L. Jones, Dist. Atty., Madeleine M. Slaughter, Asst. Dist. Atty., Monroe, for appellant.
Sam O. Henry, IV, West Monroe, for appellee.
Before HIGHTOWER and VICTORY, JJ., and PRICE, J. Pro Tem.

ORDER
The state appeals the granting of the defendant's motion to quash by the trial court of the Fourth Judicial District Court, Ouachita Parish, Judge John P. Harrison presiding. LSA-C.Cr.P. Art. 912(B)(1). The state seeks reversal of the trial court's ruling granting the defendant's motion to quash the bill of information charging the defendant with DWI, Fourth Offense insofar as it applies to the first two predicate offenses. The trial court ruled that the application of the new ten-year "cleansing period" provided by LSA-R.S. 14:98(F)(2) would affect substantial rights of the defendant thus constituting an ex post facto application of the law in violation of U.S. Const. Art. I, Sec. 10, cl. 1 and La. Const. Art. I, Sec. 23 (R.p. 81).
On October 13, 1994, this Court ordered all counsel to show cause why this Court should not exercise its supervisory jurisdiction, deem the appeal submitted for decision and issue an opinion without the necessity of docketing. State v. Hall, No. 27,015 (10/13/94). Counsel for the State submitted a response on October 18, 1994, stating that it had no objection to the Court taking the foregoing action. As of November 7, 1994, counsel for the defense had not submitted a response. Since there is no opposition from the parties, this Court deems the appeal submitted for decision and renders this decision without the necessity of docketing.
The trial court's ruling is reversed, and the case is remanded for further proceedings.

FACTS
The defendant was arrested for DWI on January 22, 1994. He was charged with DWI, Fourth Offense by bill of information, filed on February 25, 1994. The defendant's three prior offenses listed in the bill of information were committed on June 27, 1987; September 12, 1987; and November 20, 1988.
At the time of the instant offense, LSA-R.S. 14:98(F)(2) provided that, for the purposes of enhanced penalties for subsequent DWI offense, "a prior conviction shall not include a conviction for an offense under this Section ... if committed more than ten years prior to the commission of the crime for *3 which the defendant is being tried and such conviction shall not be considered in the assessment of penalties hereunder...." (Emphasis added). This section was amended by Act 1993, No. 669, effective June 21, 1993, to increase the "cleansing period" from five years to the present ten years.
At the time of the amendment to LSA-R.S. 14:98(F)(2), five years had passed from the defendant's two prior offenses committed in 1987. Defendant filed a motion to quash the bill of information as it relates to these two predicate offenses. Defendant argued that the first two predicate acts were prescribed at the time of the amendment, and thus the state cannot revive them to enhance the defendant's penalty. The retroactive application of the amendment, the defendant argued, would constitute an ex post facto application of the law in violation of the Federal and Louisiana Constitutions.
After a hearing held on July 28, 1994, the trial court ruled that Act 669 of 1993, as it applies to the present factual situation, attempts to inflict a greater penalty on the defendant than he was subjected to before its passage thus constituting an ex post facto application of the law. The trial court granted the defendant's motion to quash insofar as it applied to the first two predicate offenses which occurred in 1987 (R. pp. 81-82).

DISCUSSION
This court was presented with the same factual situation in State v. Nicki Lee Rolen, 26,933 (La.App.2d Cir. 09/01/94), 642 So.2d 325. In Rolen, this court found that Act 669 of 1993 does not: (1) punish as a crime an act previously committed which was innocent when done; (2) make more burdensome the punishment for a crime, after its commission; or (3) deprive the accused of any defense available according to the law at the time when the act was committed. Collins v. Youngblood, 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990); State v. Sepulvado, 342 So.2d 630 (La.1977). Therefore, the use of offenses committed more than five years, but less than ten years, from the instant offense to enhance the defendant's penalty does not violate the constitutional provision against ex post facto legislation. This court held that the legislation in question does not effect a substantial personal right of the defendant, rather it deals with a matter of procedure.
The trial court erred in holding that Act 669 of 1993 imposed a greater penalty on the defendant thus constituting an ex post facto application of the law. To be considered an ex post facto application of the law, the punishment must be increased after the commission of the presently charged offense. Collins, supra. At the time of the present offense, January 22, 1994, the law provided for a ten-year "cleansing period." This law did not increase the punishment for the present offense after its commission nor did it increase the penalty for the previously committed offenses. Rather, it extended the period in which predicate offenses could be considered to enhance the penalty, and thereby increased the penalty before the presently charged offense was committed.

CONCLUSION
The application of the new ten-year "cleansing period" allowing the state to include the defendant's two predicate offenses committed in 1987 does not constitute a ex post facto application of the law. Accordingly, the trial court erred in granting the defendant's motion to quash the bill of information charging him with DWI, Fourth Offense. Thus, the trial court's ruling is reversed, and the matter is remanded to the trial court for further proceedings.