WRIT DENIED.
We reiterate our holding in State v. Rolen, 642 So.2d 325 (La.App. 2d Cir.1994), writ denied:
Act 669 of 1993 punishes conduct occurring after its effective date. It does not punish as a crime an act previously committed which was prescribed or innocent when done, make more burdensome the punishment for a crime after that crime was committed, or deprive the defendant of any defense to a crime that was legally available when the crime was committed. See Collins v. Youngblood, 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990); State v. Sepulvado, 342 So.2d 630 (La.1977).
The constitutional provision against ex post facto laws does not limit legislative control of remedies and modes of procedure for prosecuting and punishing crimes occurring after the legislature acts. See Beazell v. Ohio, 269 U.S. 167, 46 S.Ct. 68, 70 L.Ed. 216 (1925). Accord: Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977).
Further review is not warranted.