11WRIT DENIED: The issue presently before this court is whether the 1993 amendment to La.R.S. 14:98(F)(2) is an impermissible ex post facto application of the law. The 1993 amendment provides that prior DWI convictions can be used to enhance a current DWT offense for a period of ten (10) years, extending the prior period of five (5) years.
We note a split currently exists in the Louisiana Courts of Appeal. The Louisiana First Circuit Court of Appeal has held the 1993 amendment cannot be retroactively applied as it would constitute an ex post facto application of the law, thus violating the defendant’s constitutional rights. State v. Duke, 94 0312 (La.App. 1 Cir. 4/15/94); 635 So.2d 787, writ denied, 94-1285 (La. 9/16/94); 642 So.2d 192. The Louisiana Second Circuit Court of Appeal found the 1993 amendment could be constitutionally applied retroactively as it was not an ex post facto application of the law. State v. Rolen, 26,933 (La.App. 2 Cir. 9/1/94); 642 So.2d 325, writ denied, 94-2468 (La. 10/7/94); 644 So.2d 647 and State v. Hall, 27,015 (La.App. 2 Cir. 11/17/94); 648 So.2d 1. We respectfully agree with our brethren of the second circuit.
The Louisiana Supreme Court found in State v. Williams, 358 So.2d 943 (La.1978), that the statute prohibiting possession of a firearm by one previously convicted of a felony, La.R.S. 14:95.1, was not an ex post facto application of the law. The supreme court’s reasoning was based on an earlier decision of the court, State v. Guidry, 169 La. 215, 124 So. 832 (1929), wherein the court concluded the crime being punished was not the predicate offense but the present offense. Thus, even if the earlier conviction occurred before the enactment of a statute permitting its use for enhancement purposes, a defendant was not being punished for the prior conviction and it could thus be used for enhancement purposes. This ruling is consistent with federal law.
The United States Supreme Court found the Pennsylvania Habitual Criminal Act was retroactive even though one of the predicate convictions used to convict the defendant as a fourth offender occurred before passage of the act. Gryger v. Burke, 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948). In so holding, the Court reasoned the stiffer penalty for the present offense was not an additional penalty for the earlier crimes but was a more severe penalty for the latest offense because it was a repetitive one. See also United States v. Bucaro, 898 F.2d 368 (3 Cir.1990) and United States v. Leonard, 868 F.2d 1393 (5 Cir.1989), cert. denied, 496 U.S. 904, 110 S.Ct. 2585, 110 L.Ed.2d 266 (1990), overruled on unrelated point, Taylor v. U.S., 495 U.S. 575, 579 & n. 2, 110 S.Ct. 2143, 2148-49 & n. 2, 109 L.Ed.2d 607 (1990).
12Since we find the legislative amendment increasing the use of prior DWI convictions for enhancement purposes from five (5) years to ten (10) years does not impose greater punishment for a defendant’s prior conviction but only increases the penalty for a subsequent offense, we find the 1993 amendment to La.R.S. 14:98(F)(2) is not an ex post facto application of the law. Therefore, we find no error in the trial court’s ruling.
SAUNDERS, J., dissents.