Kenneth L. CHAMBERS, Defendant–Below, Appellant,

v.

STATE of Delaware, Plaintiff–Below, Appellee.

No. 663, 2013.

Supreme Court of Delaware.

Submitted: May 28, 2014.

Decided: May 29, 2014.

---

53. D.R.E. 403.

Ferris W. Wharton, Esquire, Assistant Public Defender, Wilmington, Delaware for Appellant.

Maria T. Knoll, Esquire, and Karen V. Sullivan, Esquire, State of Delaware Department of Justice, Wilmington, Delaware for Appellee.

Before STRINE, Chief Justice, BERGER, and RIDGELY, Justices.

STRINE, Chief Justice:

The appellant, Kenneth L. Chambers, was arrested on April 26, 2013 after he failed a field sobriety test and was determined to have a blood alcohol level more than twice the legal limit. Chambers was indicted for driving under the influence of alcohol ("DUI"). Because Chambers had two prior alcohol-related driving offenses, one in 1989 and one in 2008, the State filed a notice that it would seek to have him sentenced as a felon under 21 *Del. C.* § 4177(d)(3) for third offense DUI.

Chambers filed a motion to preclude the felony prosecution. Chambers argues that the *ex post facto* clause of the United States Constitution[1] bars his two prior alcohol-related driving offenses from counting as qualifying offenses and prevents his prosecution for felony third offense DUI in this case. Chambers' argument is based on the fact that before an amendment went into effect on July 1, 2012, 21 *Del. C.* § 4177B(e)(2)(b) provided that a third offense DUI would be a felony only if the two prior offenses occurred within five years of the third offense. After the amendment took effect, § 4177B(e)(2)(b) provided that all prior offenses shall be considered for sentencing, regardless of how long ago they occurred. Chambers therefore argues that the amendment cannot be constitutionally applied to him because (i) more than five

---

1. U.S. CONST. art. I, § 9.

years had passed after his first DUI in 1989 before the amendment went into effect in 2012; and (ii) he reads those prior offenses as forever barred, under the *ex post facto* clause, from being considered to enhance the sentence for a future offense.[2]

■ After hearing argument on Chambers' motion, the Superior Court issued a bench denying Chambers' motion and ruling that Chambers' prosecution for felony third offense DUI was constitutionally permissible. To reach this conclusion, the Superior Court relied upon this Court's decision in *Roberts v. State*,[3] and the Superior Court's decision in *State v. Hughes*,[4] both of which dealt with similar *ex post facto* arguments. This Court reviews claims of a violation of constitutional rights *de novo*.[5]

■ Chambers is correct that before the amendment to § 4177B(e)(2)(b), the enhanced DUI sentence only applied if the third offense occurred within five years of the first offense; and that after the amendment went into effect on July 1, 2012, there was no such time limitation. But this change does not constitute an unconstitutional retrospective criminalization of Chambers' conduct. Because Chambers was prosecuted for an offense that he committed on April 13, 2013, after

the July 1, 2012 effective date of the amendment about which he complains, his argument that the State has extended a previously expired statute of limitations in violation of the *ex post facto* clause is without merit.

■ The *ex post facto* clause prohibits the retroactive application of a law that "changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed."[6] An *ex post facto* application of a law is one that "imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed."[7] The critical question in evaluating an *ex post facto* claim "is whether the law changes the legal consequences of acts committed before its effective date."[8]

■ The United States Supreme Court has upheld the constitutionality of recidivist statutes, explaining that "[a]n enhanced sentence imposed on a persistent offender ... 'is not to be viewed as [an] additional penalty for the earlier crimes' but as a 'stiffened penalty for the latest crime, which is considered to be an aggravated offense because [it is] a repetitive one.'"[9] Thus, statutes enhancing penalties

---

**2.** Opening Br. at 7–8; Appendix to Opening Br. at A–16, Tr. 15:4–9 ("We're not arguing that ... you can't enhance penalties based on things that happened before the statute. That's not our argument. Our argument is that you can't go back and revive something that was once dead and make it alive again.").

**3.** *Roberts v. State*, 494 A.2d 156 (Del.1985) (enhancing the punishment for a second offense).

**4.** *State v. Hughes*, 1998 WL 733104 (Del.Super. Sept. 17, 1998) (counting a conviction for reckless driving alcohol-related as a predicate offense for sentencing enhancement).

**5.** *Washington v. State*, 836 A.2d 485, 487 (Del. 2003).

**6.** *Calder v. Bull*, 3 U.S. 386, 390, 3 Dall. 386, 1 L.Ed. 648 (1798); *Helman v. State*, 784 A.2d 1058, 1075–76 (Del.2001); *DiStefano v. Watson*, 566 A.2d 1, 5 (Del.1989).

**7.** *Weaver v. Graham*, 450 U.S. 24, 28, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981).

**8.** *Id.* at 31, 101 S.Ct. 960.

**9.** *Monge v. California*, 524 U.S. 721, 728, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998) (quoting *Gryger v. Burke*, 334 U.S. 728, 732, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948)).

for later offenses do not violate the *ex post facto* clause, even where, as here, the predicate offenses occurred before the enactment of the statute.[10]

This Court has previously rejected *ex post facto* challenges to the applicability of statutory amendments to enhanced sentencing provisions for DUI. In *Roberts v. State,* this Court held that the change to the DUI sentencing law mandating 60–day imprisonment for a second offense DUI was not an *ex post facto* law as it applied to that defendant, because the enhanced punishment could be invoked only after a second offense, and, in that case, the second offense took place after the statute had been amended.[11] Similarly in *Felix v. State,* this Court held the defendant was properly sentenced for a fourth offense DUI even though some of his predicate offenses occurred before the 1995 enactment of the fourth offender sentencing provision.[12] The 1995 amendment at issue in *Felix* created a fourth offender sentence enhancement, which, like the amendment

at issue here, omitted the five year limitation on consideration of prior offenses for sentence enhancement.

Roberts and Felix control here. Like Chambers, Roberts and Felix committed the predicate DUI offenses before the enactment of the enhanced sentencing provisions about which they complained and were punished for their actions committed after the enactment of the enhanced sentencing provisions. Thus, application of 21 Del. C. §§ 4177(d)(3) and 4177B(e)(2)(b) to Chambers does not violate the ex post facto clause.[13]

For the foregoing reasons, the judgment of the Superior Court is hereby AFFIRMED.

---

**10.** *See, e.g., Nichols v. United States,* 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994); *Parke v. Raley,* 506 U.S. 20, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992); *Gryger v. Burke,* 334 U.S. 728, 732, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948).

**11.** *Roberts v. State,* 494 A.2d 156, 157 (Del. 1985).

**12.** *Felix v. State,* 905 A.2d 746 (Del.2006).

**13.** This is consistent with the result reached in several other states. *See, e.g., State v. Lamb,* 147 Idaho 133, 206 P.3d 497 (2009) (no *ex post facto* violation where amendment increased the five year limitation to ten years); *State v. Stoen,* 596 N.W.2d 504 (Iowa 1999) (no *ex post facto* violation where amendment increased the six year limitation to twelve years); *City of Norton v. Hurt,* 275

Kan. 521, 66 P.3d 870 (2003) (no *ex post facto* violation where amendment increased the five year limitation to all offenses committed); *State v. Hall,* 648 So.2d 1 (La.Ct.App.2d Cir. 1994) (no *ex post facto* violation where amendment increased the five year limitation to ten years); *State v. Chapman,* 685 A.2d 423 (Me.1996) (no *ex post facto* violation where amendment increased the six year limitation to ten years); *State v. Hansen,* 258 Neb. 752, 605 N.W.2d 461 (2000) (no *ex post facto* violation where amendment increased the eight year limitation to twelve years); *Com. v. McCoy,* 895 A.2d 18, 34 (Pa.Super.Ct.2006) *aff'd,* 601 Pa. 540, 975 A.2d 586 (2009) (no *ex post facto* violation where amendment increased the seven year limitation to ten years).