# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
                               )     **Crim. ID No. 1702005504**
     v.                      )
                               )     **Cr. A. Nos. IN 17-02-0859, -0661,**
                               )                  **-0863, and -0867.**
TIMOTHY J. ADKINS,      )
               **Defendant.** )

Submitted: November 16, 2021
Decided: January 4, 2022

## ORDER

*Upon the pro se Defendant Timothy J. Adkins' Motion for Correction of Sentence Pursuant to Criminal Rule 35(a),*
**DENIED**.

This 4th day of January 2022, upon consideration of the *pro se* Defendant Timothy J. Adkins' Motion for Correction of Sentence pursuant to Superior Court Criminal Rule 35(a) (D.I. 50), the State's Response (D.I. 52), and the record in this matter, it appears to the Court that:

(1)     On April 11, 2017, a grand jury indicted Mr. Adkins for two counts of Drug Dealing (marijuana and cocaine), two counts of Aggravated Possession (marijuana and cocaine), Conspiracy Second Degree, two counts of Possession of a Firearm During the Commission of a Felony ("PFDCF"), two counts of Possession of a Firearm by a Person Prohibited ("PFBPP"), Possession of Ammunition by a Person Prohibited ("PABPP"), Receiving a Stolen Firearm, and Possession of Drug

Paraphernalia.[1]  Those crimes occurred on or about February 7, 2017.[2]

(2)     On November 6, 2017, Mr. Adkins pleaded guilty to Drug Dealing–Marijuana, Conspiracy Second Degree, Drug Dealing–Cocaine, and PFBPP.[3]  He did so in exchange for dismissal of the other indicted charges and a favorable joint sentencing recommendation.[4]

(3)     A few weeks thereafter, the Court imposed the very sentence each party had agreed to:  (a) ten years at Level V for the PFBPP charge; (b) six months at Level V to be served under the provisions of the Habitual Criminal Act for the cocaine dealing charge; (c) 25 years at Level V, suspended after two years for 23 years at Level IV (Work Release), suspended after six months for 18 months at Level III, for the marijuana dealing charge; and (d) two years at Level V, suspended for one year of Level III probation for the felony conspiracy count.[5]  The first twelve years of Mr. Adkins' cumulative sentence are comprised of minimum terms of

---

[1]   Indictment, *State v. Timothy J. Adkins*, ID No. 1702005504 (Del. Super. Ct. Apr. 17, 2017) (D.I. 5).

[2]   *Id.*

[3]   Plea Agreement and TIS Guilty Plea Form, *State v. Timothy J. Adkins*, ID No. 1702005504 (Del. Super. Ct. Nov. 6, 2017) (D.I. 22).

[4]   *Id.*

[5]   Sentencing Order, *State v. Timothy J. Adkins*, ID No. 1702005504 (Del. Super. Ct. Dec. 1, 2017) (D.I. 29) (hereinafter "Sentencing Order").

incarceration that must be imposed and cannot be suspended.[6] And the Court's order provides that Mr. Adkins' sentence is effective February 9, 2017, that his terms of confinement are to run consecutively, and that he is to be held at Level V until space is available at Level IV.[7]

## **RELEVANT PROCEDURAL HISTORY**

(4)     Mr. Adkins filed no direct appeal from his convictions or sentence.[8]

(5)     Instead, he immediately docketed a motion under Superior Court Criminal Rule 35(b) requesting sentence reduction.[9] That motion was considered on its merits and denied.[10]

(6)     A few months ago, Mr. Adkins filed a second Rule 35(b) motion

---

[6]     DEL. CODE ANN. tit. 11, § 1448(e)(1)(c) (2016) (providing for a minimum sentence of "[t]en years at Level V, if the person [convicted of PFBPP] has been convicted on 2 or more separate occasions of any violent felony"); *id.* at tit. 16, § 4752(1) (drug dealing four or more kilos of marijuana is a class B felony); *id.* at tit. 11, §§ 4205(b)(2) & (d) (sentence "[f]or a class B felony [is] not less than 2 years . . . [and any] minimum, mandatory, mandatory minimum or minimum mandatory sentence [ ] required by subsection (b) of [§ 4205] . . . shall not be subject to suspension by the court").

[7]     Sentencing Order, at 1-2.

[8]     Though he has filed an unsuccessful motion for postconviction relief seeking vacatur of his convictions and sentences. *See State v. Adkins*, 2019 WL 3202254 (Del. Super. Ct. July 16, 2019) (order denying Mr. Adkins' Rule 61 motion in which he complained that his attorney provided ineffective assistance of counsel because she allegedly: (a) failed to file either the "proper" pre-trial motions or other motions Mr. Adkins wanted her to file; and (b) coerced Mr. Adkins into accepting his guilty plea).

[9]     Def.'s 1st Rule 35(b) Mot. (D.I. 30).

[10]     D.I. 31.

seeking to reduce his prison term.[11] The Court denied that application as a time-barred, repetitive, and a request for relief that is statutorily prohibited.[12]

(7)    Now before the Court is Mr. Adkins' third Rule 35 application, one which he titles a "Motion for Correction of an Illegal Sentence pursuant to Superior Court Criminal Rule 35(a)."[13] Mr. Adkins insists he is serving an "illegal sentence" because the two prior violent felonies that aggravated his PFBPP sentence—Possession with Intent to Deliver Cocaine and Trafficking in Cocaine—were not statutorily defined as a "violent felonies" when he committed, was convicted of, and sentenced for them.[14] The statute that classified those crimes as "violent felonies" was first enacted several years after those convictions.[15] So, according to Mr. Adkins, using them to enhance his present sentence violates the *ex post facto*

---

[11]    Def.'s 2nd Rule 35(b) Mot. (D.I. 48).

[12]    D.I. 49 (order denying second motion to reduce sentence).

[13]    Def.'s Rule 35(a) Mot. for Correction of Sentence, Sept. 27, 2021 (D.I. 50).

[14]    *Id.* at ¶ 6.

[15]    *See* 70 DEL. LAWS ch. 477, § 1 (1996) (*amending* DEL. CODE ANN. tit. 11, § 4201 to add a new subsection (c) that first introduced a statutorily-defined list of "violent felonies" that would be referred to thereafter in the Criminal Code's several enhanced sentencing statutes; Possession with Intent to Deliver Cocaine and Trafficking in Cocaine were each included in that initial listing); *see also* DEL. CODE ANN. tit. 11, § 4201(c) (2016) (the "violent felonies" list included those two felony drug offenses on February 7, 2017, when Mr. Adkins was in illegal possession of a firearm); *and* DEL. CODE ANN. tit. 11, § 4201(c) (2021) (those two drug felonies remain on Title 11's violent felony list and continue to act as sentencing enhancers under DEL. CODE ANN. tit. 11, § 1448(e)(1)(c)).

clause.[16]  Mr. Adkins believes the maximum sentence he could possibly face for his 2017 PFBPP conviction is eight years imprisonment.[17]

## STANDARD OF REVIEW

(8)  Criminal Rule 35(a) permits this Court to correct an illegal sentence "at any time."[18]  Relief under Rule 35(a) is available when, *inter alia*, the sentence imposed: exceeds the statutorily-authorized limits; omits a term required to be imposed by statute; is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[19]

## DISCUSSION

(9)  The plain language of § 1448(e)(1)(c) requires the Court to impose a minimum sentence of "[t]en years at Level V, if the person has been convicted on 2 or more separate occasions of any violent felony."[20]  Under § 1448(e)(3), a "violent felony" is a felony defined as violent by 11 *Del. C.* § 4201(c).[21]

---

[16]  Def.'s Rule 35(a) Mot. for Correction of Sentence, at ¶¶ 4-5.

[17]  *Id.* at 4.

[18]  Super. Ct. Crim. R. 35(a) ("*Correction of sentence.* -- The court may correct an illegal sentence at any time . . .").

[19]  *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[20]  DEL. CODE ANN. tit. 11, § 1448(e) (2016) (Possession and purchase of deadly weapons by persons prohibited; penalties).

[21]  DEL. CODE ANN. tit. 11, § 1448(e)(3) (2016).

(10)   Our Supreme Court has held that "the definition of 'violent felony' as that term is used in Section 1448(e) is controlled by the version of Section 4201(c) in effect at the time [the defendant] committed [the person-prohibited offense]."[22] Here, Mr. Adkins' two, separate, prior felony charges were (a) Possession with Intent to Deliver Cocaine and (b) Trafficking in Cocaine.  Each of those crimes was classified as a violent felony under the version of Section 4201(c) extant when Mr. Adkins committed the present PFBPP.[23]  Mr. Adkins, therefore, came within the terms of the unambiguous statutory requirement for an enhanced penalty under 11 *Del. C.* § 1448(e)(1)(c).

(11)   With that said, our Supreme Court has also expressly rejected any notion that use of prior convictions as sentencing enhancers in circumstances like those here somehow violates the *ex post facto* clause.  The Court has explained the controlling analysis and principles thusly:

> The *ex post facto* clause prohibits the retroactive application of a law that "changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed."  An *ex post facto* application of a law is one that "imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed."  The critical question in evaluating an *ex post facto* claim "is whether the law changes the legal consequences of acts committed before its effective date."

---

[22]   *Butcher v. State*, 171 A.3d 537, 543 (Del. 2017).

[23]   *See* DEL. CODE ANN. tit. 11, § 4201(c) (2016) (listing Possession with Intent to Deliver a Controlled Substance and Trafficking in Cocaine as violent felonies).

The United States Supreme Court has upheld the constitutionality of recidivist statutes, explaining that "[a]n enhanced sentence imposed on a persistent offender . . . 'is not to be viewed as [an] additional penalty for the earlier crimes' but as a 'stiffened penalty for the latest crime, which is considered to be an aggravated offense because [it is] a repetitive one.'" Thus, statutes enhancing penalties for later offenses do not violate the *ex post facto* clause, even where, as here, the predicate offenses occurred before the enactment of the statute.[24]

(12)   So, the Court properly considered each of Mr. Adkins' pre-1996 felony drug convictions—convictions that Mr. Adkins always acknowledged and understood to represent prior violent felony convictions that aggravated his sentence.[25]   And so, the Court was statutorily required to impose no less than ten years of incarceration for his present PFBPP conviction because of them.[26]

---

[24]   *Chambers v. State*, 93 A.3d 1233, 1235-36 (Del. 2014) (internal citations omitted).

[25]   THE COURT:   And as to possession of a firearm by a person prohibited, because of your prior violent convictions, you face 10 to 15 years imprisonment for that charge.  Do you understand that, sir?

MR. ADKINS:   Yes, Your Honor.

\*          \*          \*

THE COURT:   Ten years the Court has to give for the firearm charge, two years the Court has to give for the first drug dealing charge.  Do you understand that, sir?

MR. ADKINS:   Yes, Your Honor.

\*          \*          \*

THE COURT:   And the prior violent felonies that you have that enhance that firearm charge; is that correct, sir?

MR. ADKINS:   Yes, Your Honor.

Tr. of Guilty Plea, at 16-18 (D.I. 40).

[26]   *Sommers v. State*, 2010 WL 2342953, at \*1-2 (Del. Dec. 20, 2010) (holding that a conviction for a felony listed in 11 *Del. C.* § 4201(c) that occurred prior to the 1996 enactment of

## CONCLUSION

(13) Mr. Adkins is not serving an illegal sentence. The Court imposed the statutorily required minimum sentence of ten years at Level V because Mr. Adkins, when he possessed a firearm in February 2017, had previously been convicted of two violent felonies—Possession with Intent to Deliver Cocaine and Trafficking in Cocaine. Indeed, Mr. Adkins acknowledged his two prior felony convictions during his plea colloquy and understood the basis of his enhanced PFBPP sentence. In turn, Mr. Adkins' motion for correction of his sentence brought under Criminal Rule 35(a) must be **DENIED**.

**IT IS SO ORDERED.**

Paul R. Wallace, Judge

Original to Prothonotary

cc:  Mr. Timothy J. Adkins, *pro se*
Timothy G. Maguire, Deputy Attorney General
Investigative Services Office

---

§ 4201(c) must be counted as a predicate conviction when applying the enhanced sentencing provision in 11 *Del. C.* § 1448(e)(1)(c): "When applying section 1448(e)(1)(c), the convictions that are properly used as predicates for an enhanced sentence must arise from separate criminal acts *and be for the specific crimes currently listed in section 4201(c).*)) (emphasis added); *Gatewood v. State*, 2020 WL 3886898, at \*1 (Del. July 9, 2020) ("In order to determine whether a prior offense constitutes a 'violent felony' for sentence-enhancing purposes under Section 1448, 'a sentencing court must look to the version of Section 4201(c) in effect upon commission of the Section 1448 offense for which a defendant is being sentenced.'") (quoting *Butcher*, 171 A.3d at 538).