IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TIMOTHY J. ADKINS, | § | |
| | § | No. 33, 2022 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1702005504 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |
| | § | |

Submitted: March 4, 2022
Decided: April 28, 2022

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Timothy J. Adkins, filed this appeal from the Superior Court's denial of a motion for correction of illegal sentence. The State has moved to affirm the judgment below on the ground that it is manifest on the face of Adkins's opening brief that his appeal is without merit. We agree and affirm.

(2)    On November 6, 2017, Adkins pled guilty to possession of a firearm by a person prohibited ("PFBPP") and various drug-related charges. The charges arose from conduct that occurred on or about February 7, 2017. For PFBPP, the Superior

Court sentenced Adkins to ten years of imprisonment, which is the minimum mandatory sentence for that offense if the defendant "has been convicted on 2 or more separate occasions of any violent felony."[1] Adkins did not file a direct appeal. He did file two motions seeking reduction of his sentence under Superior Court Criminal Rule 35(b), which the Superior Court denied.

(3) Adkins then filed a motion seeking correction of an illegal sentence under Superior Court Criminal Rule 35(a). He argued that his PFBPP sentence is illegal and constitutes an *ex post facto* increase in the punishment for his prior offenses because the prior offenses that enhanced his PFBPP sentence were not violent felonies under the Delaware Code at the time that he committed the prior offenses. The Superior Court rejected this claim and denied the motion. Adkins has appealed to this Court.

(4) We review the denial of a motion for correction of sentence under Rule 35(a) for abuse of discretion.[2] To the extent the claim involves a question of law, we review the claim *de novo*.[3] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by

---

[1] 11 *Del. C.* § 1448(e)(1)c.
[2] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[3] *Id.*

statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[4]

(5)     We find no error in the Superior Court's denial of Adkins's motion. Adkins's prior convictions included a conviction for trafficking cocaine[5] in 1992 and a conviction for possession with intent to deliver cocaine[6] in 1989.  In 2017, when Adkins committed the PFBPP offense that is the subject of this appeal, 11 *Del. C.* § 4201(c) designated those offenses as violent felonies,[7] and 11 *Del. C.* § 1448(e)(1)c provided for a ten-year minimum sentence for PFBPP if the defendant had "been convicted on 2 or more separate occasions of any violent felony."[8]

(6)     This Court has expressly held that "the definition of 'violent felony' as that term is used in Section 1448(e) is controlled by the version of Section 4201(c) in effect at the time [the defendant] committed [PFBPP]."[9] Adkins's claim that imposing an enhanced sentence for PFBPP based on prior convictions that were not designated as violent felonies at the time of the prior offenses violates the Ex Post Facto Clause or is otherwise illegal is without merit.  "The United States Supreme Court has upheld the constitutionality of recidivist statutes, explaining that an

---

[4] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[5] 16 *Del. C.* § 4751 (repealed).
[6] 16 *Del. C.* § 4753A(a)(2)(a) (repealed).
[7] 11 *Del. C.* § 4201(c) (eff. Sept. 3, 2015 through the present).
[8] 11 *Del. C.* § 1448(e)(1)c.
[9] *Butcher v. State*, 171 A.3d 537, 543 (Del. 2017).

3

enhanced sentence imposed on a persistent offender is not to be viewed as an additional penalty for the earlier crimes but as a stiffened penalty for the latest crime, which is considered to be an aggravated offense because it is a repetitive one."[10] Thus, this Court has held, "statutes enhancing penalties for later offenses do not violate the *ex post facto* clause, even where, as here, the predicate offenses occurred before the enactment of the statute."[11]

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

[10] *Chambers v. State*, 93 A.3d 1233, 1235 (Del. 2014) (cleaned up and internal quotations omitted).
[11] *Id.* at 1235-36.